UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR NICOLA NEGRETE,<br><br>Petitioner,<br><br>v.<br><br>C.E. DUCART,<br><br>Respondent. | Case No. 16-cv-06853-EMC<br><br>**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**<br><br>Docket No. 9 |

Salvador Nicola Negrete filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that his right to due process was violated in a prison disciplinary decision that resulted in a loss of time credits. On March 10, 2017, the Court dismissed the action because "federal habeas relief is not available for a life prisoner challenging a prison disciplinary decision that has resulted in the loss of time credits." Docket No. 7 at 2 (citing *Nettles v. Grounds*, 830 F.3d 922, 934-35 (9th Cir. 2016), *cert. denied* 2017 WL 69407 (Jan. 9, 2017)). As a prisoner serving an indeterminate life term, Mr. Negrete would not necessarily be entitled to immediate or speedier release from custody if he prevailed in this action and had his time credits restored. *Id.* The Court dismissed this action without prejudice to Mr. Negrete filing a civil rights action under 42 U.S.C. § 1983 asserting his due process claim.

Mr. Negrete has filed a motion for reconsideration, arguing that *Nettles* does not bar his claim because he is *eligible* to earn time credits while serving his indeterminate life term. Docket No. 9.

A party may move to alter or amend a judgment in a motion filed no later than 28 days after entry of judgment. *See* Fed. R. Civ. P. 59(e). A motion for reconsideration under Federal Rule of Civil Procedure 59(e) "'should not be granted, absent highly unusual circumstances,

unless the district court is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc).

Mr. Negrete has not shown any reason to disturb the order of dismissal or judgment. Mr. Negrete's eligibility to earn time credits does not negate the applicability of the rule from *Nettles*. The *Nettles* rule applies not because a life prisoner is unable to earn time credits, and instead applies because any restoration of time credits would not inevitably impact of the life prisoner's release date. As the Court explained in the order of dismissal, if Mr. Negrete prevailed and the forfeited time credits were restored, "it does not necessarily follow that he will be released from prison on a date sooner than otherwise would occur. He must be found suitable for parole before his parole date will be set, and his time credits will not be a factor in determining that date." Docket No. 7 at 2 (citing *Nettles*, 830 F.3d at 926 n.1).

Mr. Negrete has not shown newly discovered evidence, clear error by the Court, or an intervening change in the law. His motion for reconsideration therefore is DENIED. Docket No. 9.

**IT IS SO ORDERED**.

Dated: May 2, 2017

_____
EDWARD M. CHEN
United States District Judge